E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**19-A-11090-6**
11/5/2019 5:51 PM

CLERK OF SUPERIOR COURT

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EDWARD MCFADDEN ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | 19-A-11090-6 |
| v. ) | CASE NO.:_____ |
| ) | |
| FAMILY DOLLAR ) | |
| STORES OF GEORGIA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### COMPLAINT FOR DAMAGES

**COMES NOW**, the Plaintiff, Edward McFadden, who hereby makes and files his Complaint for Damages against Defendant, Family Dollar Stores of Georgia, LLC., by showing this Honorable Court the following:

1.

The Defendant has a registered agent for service of process in Gwinnett County and can be served at the following address:

> CORPORATION SERVICE COMPANY
> 40 TECHNOLOGY PKWY SOUTH
> #300
> NORCROSS GA 30092

Defendant is subject to the jurisdiction of this Court.

2.

This Court has subject matter jurisdiction over the claims asserted herein and personal jurisdiction over the Defendant.

3.

Venue is proper in the Superior Court of Gwinnett County.

4.

On or about June 27, 2018 Mr. McFadden, a self-employed business owner, was a customer at Family Dollar store number 11616 located at 7042 Covington Highway, Lithonia GA 30058.

5.

While lawfully shopping at Family Dollar Store 11616 employees made contact with Mr. McFadden and held him against his will locked inside of the store.

6.

Mr. McFadden was falsely accused of "robbing the store at gunpoint". Mr. McFadden adamantly denied the allegation.

7.

Mr. McFadden was falsely imprisoned in the store against his will and deprived of his liberty.

8.

Mr. McFadden was held at Family Dollar until police arrived.

9.

As a direct result of this charge Mr. McFadden was falsely arrested.

10.

Mr. McFadden was not allowed to leave and forced to submit to questioning.

11.

As a direct result of the false allegations made by Family Dollar Mr. McFadden was held captive by police.

12.

The police concluded that there was no basis for the detention of Mr. McFadden and released him.

13.

The Defendant had a duty to diligently and prudently research the facts before falsely accusing and falsely imprisoning Mr. McFadden.

14.

Defendants breached their duty to act in a reasonable manner in several ways, including, but not limited to the following:

a. Failing a make reasonable and proper investigation into the facts;

b. Failing to acknowledge the facts as provided by Mr. McFadden;

c. Falsely Arresting Mr. McFadden;

d. Falsely Imprisoning Mr. McFadden in violation of O.C.G.A. § 51-7-22;

e. Falsely accusing Mr. McFadden which directly resulted in False Arrest in violation of O.C.G.A. § 51-7-1;

f. Subjecting Mr. McFadden to Defamation of Character;

g. Inflicting Mr. McFadden with Emotional Distress;

h. Committing other negligent acts and violations upon the person of Mr. McFadden by other acts and omissions as may be shown by the evidence and proven at trial.

15.

Had the Defendants not breached their duty to Mr. McFadden they would have come to the same conclusion as that of the police, that Mr. McFadden was not guilty of any crime.

16.

Had the Defendants not breached their duty to Mr. McFadden he would not have been Falsely Imprisoned and Falsely Arrested.

17.

The actions of the Defendant were the direct and proximate cause of Mr. McFadden being Falsely Arrested and Falsely Imprisoned.

18.

But for the Defendants falsely accusing Mr. McFadden of crimes he would not have been Falsely Imprisoned and Falsely Arrested.

19.

As a direct and proximate result of the Defendant's negligence, Mr. McFadden was caused to suffer mental and physical pain and suffering, as well as emotional and psychological distress and will continue to suffer in the future for which Mr. McFadden is entitled to compensation for.

20.

As a direct and proximate result of the actions of the Defendants, Mr. McFadden was deprived of his livelihood in an amount to be proven at trial, caused solely and proximately by the Defendant.

21.

As a direct and proximate result of Defendant's breach of duty, Mr. McFadden suffered personal injuries and damages including, but not limited to, physical and emotional injuries, loss of earnings, pain and suffering, and other consequential damages which will be proven at the time of trial.

22.

Mr. McFadden is entitled to compensation from Defendant's in accordance with O.C.G.A. § 51-12-4.

23.

As a direct and proximate result of Defendant's intentional acts and negligence per se, Mr. McFadden suffered and will continue to suffer from, emotional and mental distress. Plaintiff is entitled to recover the damages described in these paragraphs and all other damages allowed under Georgia law as a result of Defendant's negligence per se.

24.

As a direct and proximate result of Defendant's negligence Mr. McFadden has incurred lost wages and will continue to suffer from the reduced earnings which are a direct result of Defendants' actions in an amount to be proven at trial.

25.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to attorney's fees and expenses of litigation.

**WHEREFORE**, Plaintiff respectfully seeks the following relief:

1) That Defendants be served with summons, process and a copy of this Complaint as required by law;

2) That Mr. McFadden have and recover a verdict and judgment against the Defendants for special damages in the amount of $20,000.00 for loss of earnings and loss of lively hood.

3) That Mr. McFadden have and recover a verdict and judgment against Defendant for general damages in an amount as determined through the enlightened conscience of

the trier of fact;

4) That Mr. McFadden have and recover a verdict and judgment against Defendant for punitive damages in an amount as determined through the enlightened conscience of the trier of fact;

5) That Mr. McFadden have and recover a verdict and judgment against Defendant for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11; and

6) Demand a jury trial of twelve persons pursuant to O.C.G.A § 15-12-122.

7) For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 5th day of November 2019.

/s/Mitchell L. Albert III
Mitchell L. Albert III
Attorney for Plaintiff
Georgia Bar No. 307196

Albert III & Associates LLC
3330 Cumberland Blvd. Suite 500
Atlanta, GA 303389
Tel: (770) 675-6749
Fax (404) 601-6041